

Peter T. Shapiro
77 Water Street, Suite 2100
New York, New York 10005
Peter.Shapiro@lewisbrisbois.com
Direct: 212.232.1322

September 11, 2020

**VIA ECF**
Honorable Analisa Torres
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

    Re:    *Brown v. Western Digital Corporation*
             Case No. 20-cv-04624-AT

Dear Judge Torres:

      On behalf of Defendant Western Digital Corporation ("Western Digital"), I submit this letter in lieu of a responsive pleading to request that the Court schedule a pre-motion conference with respect to Western Digital's proposed motions (a) pursuant to Rule 12(b)(6) to dismiss, and (b) pursuant to 28 U.S.C. § 1404(a) to transfer this action to the Northern District of California where a companion case is pending. We have complied with Your Honor's Individual Rule III.B, via an exchange of correspondence with plaintiff's counsel concerning the proposed motion to dismiss.

**THE GROUNDS FOR DISMISSAL UNDER RULE 12(b)(6)**

**Count I: Violation of New York General Business Law § 349**

      Western Digital submits that the Complaint fails to state a plausible claim for a violation of NY GBL § 349 because it fails to allege that Western Digital engaged in any *deceptive* act or practice—that is, an act or practice "likely" to "mislead a reasonable consumer acting reasonably under the circumstances." *See Gomez-Jimenez v. N.Y. Law Sch.*, 956 N.Y.S.2d 54, 58 (1st Dep't 2012) (setting forth the elements of a § 349 claim). The Complaint alleges only that: (i) for some period of time, certain of Western Digital's products used Conventional Magnetic Recording ("CMR") technology; and (ii) at some point, Western Digital replaced the CMR technology in at least some of those products with Shingle Magnetic Recording ("SMR") technology, and that Western Digital did not disclose this change on its product labels. The Complaint does not allege that Western Digital misrepresented to New York consumers – via the product label, advertising or

ARIZONA • CALIFORNIA • COLORADO • CONNECTICUT • DELAWARE • FLORIDA • GEORGIA • ILLINOIS • INDIANA • KANSAS • KENTUCKY
LOUISIANA • MARYLAND • MASSACHUSETTS • MINNESOTA • MISSOURI • NEVADA • NEW JERSEY • NEW MEXICO • NEW YORK • NORTH CAROLINA
OHIO • OREGON • PENNSYLVANIA • RHODE ISLAND • TEXAS • UTAH • VIRGINIA • WASHINGTON • WASHINGTON D.C. • WEST VIRGINIA

4823-3230-1257.3

otherwise - that the new products used CMR technology, or that Western Digital ever guaranteed to New York consumers that its products would always use CMR technology.[2] The averment that plaintiff was disappointed with the product he purchased does not present any plausible allegation that Western Digital intended to deceive or did deceive plaintiff and other New York consumers.

Courts regularly dismiss comparable § 349 claims where consumers allege similar frustration with undisclosed changes to products absent any deception by the defendants regarding those changes. *See, e.g.*, *Heskiaoff v. Sling Media, Inc.*, 719 F. App'x 28 (2d Cir. 2017) (no deception where a previously advertisement-free television streaming product began streaming ads where the manufacturer never promised that the product would always be ad-free); *Andre Strishak & Assocs., P.C. v. Hewlett Packard Co.*, 752 N.Y.S.2d 400 (2d Dep't 2002) (no deception where HP switched from sending free "large size" ink cartridges to smaller "economy size" cartridges with new printer purchases, because HP never represented that it would always send large cartridges). While plaintiff claims he was deceived because he did not receive a product as powerful or reliable as he supposedly believed he was buying, the absence of any representation by Western Digital that the product had the characteristics plaintiff unilaterally envisioned dooms this claim. Absent any competent allegation of deception, this claim fails as a matter of law.

**Count II: Violation of New York General Business Law § 350**

The elements of a claim under NY GBL § 350 are identical to those under GBL § 349, except that "Section 350 more narrowly targets deceptive or misleading advertisements, while Section 349 polices a wider range of business practices." *Cline v. TouchTunes Music Corp.*, 211 F. Supp.3d 628, 635 (S.D.N.Y. 2016). The instant § 350 claim fails because the Complaint does not identify any materially deceptive advertisement on which plaintiff allegedly relied. *See, e.g., Bel Canto Design, Ltd. v. MSS HiFi, Inc.*, 2012 U.S. Dist. LEXIS 86628, at *44 (S.D.N.Y. June 20, 2012) (dismissing false advertising claim for failure to adequately plead deceptive ad that plaintiff relied upon).[1]

**Count III: Fraudulent Concealment**

Plaintiff's fraudulent concealment count fails because the Complaint does not adequately allege that Western Digital had or violated an affirmative duty to disclose its use of SMR technology. *See, e.g.*, *De Sole v. Knoedler Gallery, LLC*, 137 F. Supp.3d 387, 410 (S.D.N.Y. 2015) (the elements of a fraudulent concealment claim include "a duty to disclose"). In New York,

---

[1] The alleged statement by a Western Digital UK employee, cited at ¶ 21 of the Complaint, does not suffice as it is not alleged to have been directed at, or delivered to, New York consumers. *See Kaufman v. Sirius XM Radio, Inc.*, 751 F. Supp. 2d 681, 687 (S.D.N.Y. 2010) (to qualify as a prohibited act under NY GBL § 349 or 350, "the deception of a consumer must occur in New York") *(citing Goshen v. Mut. Life Ins. Co.,* 98 N.Y.2d 314, 325 (2002)).

a duty to disclose exists where "one party possesses superior knowledge, not readily available to the other, *and knows that the other is acting on the basis of mistaken knowledge.*" *Harbinger Capital Partners LLC v. Deere & Co.*, 632 F. App'x 653, 656 (2d Cir. 2015) (emphasis added). (There may also be a duty to disclose when a fiduciary duty exists, which is not alleged here.) The Complaint does not, and cannot, plausibly allege that Western Digital knew the bases on which plaintiff made purchasing decisions.

**Count IV: Unjust Enrichment**

Finally, the unjust enrichment claim should be dismissed because it is duplicative of plaintiff's other claims. "Unjust enrichment is not a catchall cause of action to be used when others fail." *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (2012). Rather, claims for unjust enrichment are viable only in "unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff." *Id.* As such, under New York law, "[a]n unjust enrichment claim is not available when it simply duplicates, or replaces, a conventional contract or tort claim," or when any "adequate remedy at law" exists. *Bytemark, Inc. v. Xerox Corp.*, 342 F. Supp.3d 496, 512 (S.D.N.Y. 2018). Because Plaintiff alleges no unique facts underlying the unjust enrichment claim, this count does not plausibly plead a claim for relief. Additionally, the relationship between a consumer and the manufacturer of a product not purchased from the manufacturer is too attenuated to support plaintiff's claim of reliance, which defeats this unjust enrichment claim. *Mandarin Trading Ltd. v. Wildenstein,* 16 N.Y.3d 173, 182-183 (2011).

## THE GROUNDS FOR TRANSFER UNDER 28 U.S.C. § 1404(a)

Western Digital seeks leave to move to transfer this action to the Northern District of California. A transfer request under 28 U.S.C. § 1404 is analyzed by reference to (i) the convenience to parties; (ii) the convenience of witnesses; (iii) the relative ease of access to sources of proof: (iv) defendant's preference; (v) the cost of obtaining the attendance of willing witnesses; (vi) the practical problems indicating where the case can be tried more expeditiously and inexpensively; and (vii) the interests of justice. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947). While each of these factors favor a transfer of the case to the Northern District of California,[2] the interests of justice factor alone should be dispositive here. *Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp.*, 11 F. Supp.2d 729, 730 (S.D.N.Y. 1998) (weighing interest of justice in light of the totality of the circumstances).

---

[2] The abbreviated analysis here highlights the general issues Western Digital intends to present in its proposed filing and is not intended to provide a full analysis of the numerous factors that indisputably favor a transfer of this duplicative action to the Northern District of California under § 1404.

Hon. AnalisaTorres
September 11, 2020
Page 4

      This case is a companion action to another litigation pending in the Northern District of Califoia, captioned *Malone v. Western Digital Corporation* (Case No. 5:20-cv-03584-NC). The plaintiffs in that action are represented by Bursor & Fisher, P.A., the same attorneys who are prosecuting this case, they assert essentially the same claims of actionable conduct under New York, California, Florida, Massachusetts, Missouri, Virginia, Wisconsin and federal statutory and common law, and they purport to represent the same nationwide class. The Northern District's case management order entered on September 2, 2020 set a discovery schedule and directed Plaintiffs to move for class certification by October 1, 2020 [DE # 38]. A transfer of this case to that Court - in which this further advanced action is pending - would protect against potential inconsistent rulings on the same claims and issues and would preserve the already taxed resources of the federal judiciary in the pandemic era.

      Additionally, the proposed venue is proper as this case might have been filed there and the transfer will serve the convenience of witness and parties. The California location would be more convenient to Western Digital which is headquartered in San Jose, California (Complaint ¶ 30), and that is where the lion's share of the document discovery in this case will emanate from. Non-party witnesses who have worked with Western Digital are likely to be in California, not New York. Plaintiff's counsel is obviously comfortable litigating in that forum. Moreover, the plaintiff's choice of forum is given less weight in a putative class action. *Glass v. S&M NuTec, LLC*, 456 F. Supp. 2d 498, 504 (S.D.N.Y. 2006). Finally, to the extent New York law is at issue, the California district courts are fully capable of applying that law. *See, e.g.*, *Naimi v. Starbucks Corp.*, No. 2:17-cv-06484, 2018 U.S. Dist. LEXIS 110398 (C.D. Cal. June 27, 2018).

      Given the foregoing, Western Digital submits further that discovery should be stayed pending the adjudication of the proposed motion.

      Thank you for your attention to this matter.

      Respectfully,

*Peter T. Shapiro*

Peter T. Shapiro of
LEWIS BRISBOIS BISGAARD & SMITH LLP

cc:    All counsel of record (via ECF)