

**888 SEVENTH AVENUE**
**THIRD FLOOR**
**NEW YORK, NY 10019**
**www.bursor.com**

**YITZCHAK KOPEL**
Tel: **646.837.7150**
Fax: **212.989.9163**
ykopel@bursor.com

September 17, 2020

*By ECF & Email:*

The Honorable Analisa Torres
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Brown v. Western Digital Corp.*, Case No. 1:20-cv-04624-AT (S.D.N.Y.)
<u>**Joint Letter Pursuant to Individual Rule II.B**</u>

Dear Judge Torres:

Pursuant to the Court's August 3, 2020 Order (Dkt. 15), the Parties in the above-referenced matter jointly submit this letter in advance of the initial pretrial conference on September 24, 2020. Pursuant to F.R.C.P. 26(f), the Parties met and conferred by telephone on September 15, 2020.

In accordance with paragraph II.B of Your Honor's Individual Practices in Civil Cases, the Parties also submit a proposed Civil Case Management Plan and Scheduling Order.

**1.    Brief Description of the Case**

   **A.    Brief Statement of the Nature of the Action by Plaintiff**

Western Digital Corporation ("WDC" or "Defendant") manufacturers and markets hard drive disks under the "WD Black" and "WD Blue" (collectively, the "Hard Drives") monikers. Compl. ¶ 1.[1]  Defendant markets the WD Black Hard Drives as offering "[h]igh performance, high capacity, high reliability, and cutting-edge technology."  *Id.* ¶ 18.  Likewise, Defendant markets the WD Blue Drives as "offer[ing] the features that are ideal for your everyday mobile computing needs."  *Id.* ¶ 20.  For some years, this may have been true, when Defendant manufactured the Hard Drives with industry-standard and higher performing Conventional Magnetic Recording ("CMR") technology.  *Id.* ¶ 3.  But beginning in 2018, Defendant began secretly manufacturing the Hard Drives with Shingled Magnetic Recording ("SMR") technology. *Id*.  Crucially, Defendant did not disclose this change to consumers.  *Id*.

---

[1] The specific Hard Drives at issue in this case are:  WD Blue 3.5" 2 terabyte (WD20EZAZ), WD Blue 3.5" 6 terabyte (WD60EZAZ), WD Blue 2.5" 1 terabyte (WD10SPZX), WD Blue 2.5" 2 terabyte (WD20SPZX) (collectively, the "WD Blue Drives"), and WD Black 2.5" 1 terabyte WD10SPSX (the "WD Black Drives").

There are numerous problems with SMR technology. Although SMR technology makes hard drives cheaper to produce, it comes at the cost of slower performance and a greater likelihood of permanent data loss. Compl. ¶¶ 13-14. As such, SMR hard drives are typically used "for cold data storage, like archives and backups, because of their poor performance, and are typically marked as 'archival' to designate the use of the technology." *Id.* ¶ 15. SMR hard drives are not recommended for use by the average consumer. *See id.*

Despite the numerous issues with SMR technology, Defendant did not disclose to consumers that its Hard Drives used SMR technology. Compl. ¶ 3. Quite the opposite, Defendant openly lied to consumers, claiming that "[a]ll of [its] current range of hard drives are based on CMR Conventional Magnetic Recording. With SMR Western Digital would make it very clear as that format of hard drive requires a lot of technological tweaks in customer systems." *Id.* ¶ 21. Worse, even though SMR hard drives are cheaper to produce, Defendant continued to charge customers a premium for its Hard Drives as if the Hard Drives still used CMR technology. *Id.* ¶¶ 4-6, 26.

Defendant did not disclose that its Hard Drives used SMR technology until April 2020. *Id.* ¶ 23. The result has been nothing short of a public relations nightmare for Defendant. *Id.* ¶ 25. Consumers were particularly incensed that they were paying a premium for purportedly high-performance hard drives, when in fact, the Hard Drives were not high performance due to their use of SMR technology. *Id.* ¶¶ 24-25

In short, consumers "who purchased the WD Black Drives or WD Blue Drives were not told that the Hard Drives use SMR technology, which affects drive performance and data stability. These consumers paid a price premium for drives they believed used CMR technology, which offers better performance. Had Western Digital disclosed that the Hard Drives use SMR technology, [consumers] would not have purchased the Hard Drives, or would have paid less for the Hard Drives." Compl. ¶ 27.

As a result of Defendant's false, deceptive, and misleading label statements and omissions, Plaintiff Oscar Brown brings claims individually and on behalf of a putative Class against Defendant for violations of New York General Business Law ("GBL") §§ 349 and 350, and fraudulent concealment, and unjust enrichment.

### B.   Brief Statement of the Nature of the Action by Defendant

Founded over fifty years ago, Western Digital is the premier manufacturer of computer hard drives, and one of the three largest manufacturers of such devices worldwide. Western Digital manufactures and sells drives that fill the needs of consumers at every level of the computer industry, from light-use home users to the largest data-center and cloud-computing operators.

The hard drive industry is fiercely competitive and hard drive technology is, therefore, an area of constant research, covering areas as varied as micro-circuitry, thin-film chemistry, magnetodynamics, mechanical engineering, and more. This ongoing research leads to a steady stream of incremental improvements in hard drive technology, which manufacturers regularly integrate into the drives they are selling.

Of course, even tech savvy consumers are not concerned with the shape of a drive head, or the type of oxide being used to coat platters. They are, instead, interested in certain standard benchmarks of performance such as platter spin rate, RAM cache size, interface data transfer rate, MTBF (mean time between failures), etc. Thus, particular improvements in drive implementation are almost always "silent" from the consumer perspective. The manufacturer may (but doesn't always) update a model number, and will update the specification (in terms of those various standard metrics), but the product name of a drive will remain unchanged. This is no different than, for example, the auto industry—BMW does not rename the X3 when they change the shape of the fuel-injection nozzle, though they will note any change in horsepower that results on the cars spec sheet.

In 2018, Western Digital made one such "silent" change to several of its products, including those at issue in this case: it began using a new data-recording method called Drive-Managed SMR which enables the storage of somewhat more data on each platter of the hard drive without increasing the size of the platter and without forcing the required additional computational workload onto the computer's operating system. This is a technology that is now also in use by the two other market-leading drive manufacturers who, incidentally, were not obligated to and did not disclose their adoption of Drive-Managed SMR in their product lines.

Western Digital *did* change the model-number scheme to reflect that there were new drive internals, and it updated the spec sheets to show that the drives were, in fact, improvements over the prior generation in several respects. The new drive models all went through extensive testing during and after development including testing by Western Digital's key industry partners. There is no evidence that the adoption of Drive Managed SMR has led to any identifiable issues with Western Digital's WD Black or WD Blue product lines. Failure/return rates for the new versions of these drives have been no higher than for the drives they replaced. While a Western Digital employee in the UK made a mistaken response to a blog which had asked whether Western Digital was using SMR technology in its WD Red NAS line (which is not at issue in this suit), the statement was quickly corrected.

Thus, there is no basis for any of Plaintiff's claims, and Western Digital intends to refute them vigorously. There is no evidence that anyone was misled. Nor is there any evidence that the drives do not perform up to full performance specifications as stated for the products. There is no injury to any consumer here, much less one that can give rise to liability under GBL §§ 349 and 350, for fraudulent concealment, and unjust enrichment. Western Digital denies each and every allegation made in Plaintiff's operative complaint and will vigorously defend against Plaintiff's claims.

## 2. **Brief Description of Contemplated Motions**

### A. **Brief Description of Plaintiff's Contemplated Motions**

Plaintiff anticipates filing a motion for class certification and, potentially, a summary judgment motion, after discovery is completed.

B.     **Brief Description of Defendant's Contemplated Motions**

Western Digital intends to file a motion to transfer, or in the alternative, to dismiss under Fed. R. Civ. P. 12(b)(6) (as previewed to the Court in Western Digital's letter dated September 11, 2020). Western Digital also intends to oppose Plaintiff's anticipated motion for class certification and, if the evidence supports it, will seek summary judgment of Plaintiff's claims.

3.     **The Prospect for Settlement**

A.     **Plaintiff's Position**

From the onset of this case, the Parties have had informal settlement discussions. The parties have exchanged information and are currently in the process of exploring the possibility of early resolution of this action.

B.     **Defendant's Position**

Defendant has received and reviewed Plaintiff's informal settlement demand and is presently analyzing it. The parties have discussed possible participation in an early mediation and intend to discuss the matter further in the coming weeks.

4.     **Proceedings before the Magistrate Judge**

Per the Court's August 22, 2020 order (Dkt. 7), the Parties state that they do not consent to conducting all further proceedings before the assigned Magistrate Judge.

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:   */s/ Yitzchak Kopel*
Yitzchak Kopel
Alec M. Leslie
Max S. Roberts
888 Seventh Avenue, Third Floor
New York, New York 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email:  ykopel@bursor.com
           aleslie@bursor.com
           mroberts@bursor.com

*Attorneys for Plaintiff*

**LEWIS BRISBOIS BISGAARD  
& SMITH LLP**

By: ___*/s/ Peter T. Shapiro*___  
Peter T. Shapiro  
77 Water Street  
New York, New York 10005  
Telephone: (212) 232-1322  
Facsimile: (212) 232-1399  
Email: peter.shapiro@lewisbrisbois.com

**LEWIS BRISBOIS BISGAARD  
& SMITH LLP**  
Eric Y. Kizirian (*Pro hac vice* app. forthcoming)  
Joshua S. Hodas (*Pro hac vice* app. forthcoming)  
633 W. 5th Street, Suite 4000  
Los Angeles, California 90071  
Telephone: (213) 580-3981  
Facsimile: (213) 250-7900  
Email: eric.kizirian@lewisbrisbois.com  
       josh.hodas@lewisbrisbois.com

*Attorneys for Defendant*

CC:    All counsel of record (via ECF)