# BURSOR & FISHER
P.A.

**888 SEVENTH AVENUE**
**THIRD FLOOR**
**NEW YORK, NY 10019**
www.bursor.com

**YITZCHAK KOPEL**
Tel: **646.837.7127**
Fax: **212.989.9163**
ykopel@bursor.com

September 18, 2020

**By ECF:**

The Honorable Analisa Torres, U.S.D.J.
Southern District Of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15D
New York, NY 10007

Re:   ***Brown v. Western Digital Corporation.***, **Case No. 1:20-cv-04624-AT (S.D.N.Y.)**
<u>**Response to Defendant's Letter Request For A Pre-Motion Conference**</u>

Dear Judge Torres:

I represent Plaintiff Oscar Brown ("Plaintiff") in the above-referenced action. Pursuant to Rule III.A of this Court's Individual Rules, Plaintiff hereby opposes Defendant Western Digital Corporation's ("WDC" or "Defendant") Letter Request For A Pre-Motion Conference. ECF No. 20 (the "Letter" or "Ltr."). Defendant's arguments are without merit.

**I.   PLAINTIFF SUFFICIENTLY PLEADS EACH OF HIS CLAIMS**

**First**, Defendant argues that "[t]he Complaint fails to state a plausible claim for a violation of NY GBL § 349 because it fails to allege that Western Digital engaged in any *deceptive* act or practice." Ltr. at 1 (emphasis in original). Defendant makes the same argument as to GBL § 350. *Id.* at 2. This argument is unfounded. As the Complaint makes clear throughout, Plaintiff is challenging a material *omission* on the product label: namely, Defendant should have disclosed that the WD Blue and WD Black hard drives use SMR technology, which results in inferior performance and inferior data stability. Compl., ¶¶ 1-7, 44, 46-48 ("Defendant committed unfair or deceptive acts and practices by failing to disclose that the Hard Drives use SMR technology"). "A failure to disclose—and omission—may form the basis of section 349 and 350 claims." *See Kommer v. Ford Motor Co.*, 2017 WL 3251598, at *4 (N.D.N.Y. July 28, 2017). An omission is actionable where it is "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Nick's Garage, Inc. v. Progressive Casualty Ins. Co.*, 875 F.3d 107, 124 (2d. Cir. 2017).

Plaintiff has sufficiently alleged Defendant's failure to disclose that its WD Blue and Black hard drives use SMR technology is likely to deceive a reasonable consumer. WDC advertised its WD Blue Drives as "offer[ing] the features that are ideal for your everyday mobile computing needs." Compl., ¶ 19. And WDC advertised its WD Black Drives as offering "[h]igh performance, high capacity, high reliability, and cutting-edge technology." Compl., ¶ 18. None of this was true. Unbeknownst to consumers, WDC manufactured these hard drives using SMR

technology. *Id.* ¶¶ 22-23. SMR technology is significantly slower than industry-standard CMR technology and leaves hard drives more susceptible to data loss. *Id.* ¶¶ 13-14. For this reason, "SMR HDDs are typically only used for cold data storage, like archives and backups, because of their poor performance, and are typically marked as 'archival' to designate the use of the technology." *Id.* ¶ 15. This omission was material to consumers because, had they known that their purported top-of-the-line hard drives used slow and unreliable SMR technology, they would not have purchased the hard drives on the same terms, or would have paid significantly less for them. *Id.* ¶¶ 25, 27, 29, 42-57. These allegations are sufficient to state a claim under GBL §§ 349 and 350.

Defendant also argues that "Courts regularly dismiss comparable § 349 claims where consumers allege similar frustration with undisclosed changes to products absent any deception by the defendants regarding those changes." Ltr. at 2. But none of Defendant's cited authorities stand for this proposition. In *Heskiaoff v. Sling Media, Inc.*, 719 F. App'x 28 (2d Cir. 2017), plaintiff's claim was based on Sling's decision to suddenly "beg[in] to place advertising into content viewed by users over their own Slingbox devices, alongside streamed third-party content." *See Heskiaoff et al. v. Sling Media, Inc.*, Case No. 1:15-cv-05388, ECF No. 1, ¶ 10 (S.D.N.Y. July 10, 2015). Similarly, in *Strishak & Assocs., P.C. v. Hewlett Packard Co.*, 300 A.D.2d 608 (2d Dep't. 2002), the issue was that "[b]efore 1998 the defendant provided large-size cartridges with the purchase of each low-end inkjet printer. In 1998 the defendant ended its practice of providing large-size cartridges with each low-end inkjet printer and only provided economy-size cartridges with the printers." *Id.* at 608. Crucially, the changes in both of these cases were done openly; the advertisements in *Heskiaoff* were displayed in plain view, while consumers in *Strishak* knew they were receiving smaller-sized cartridges at the time of purchase.

By contrast, WDC surreptitiously began manufacturing their WD Blue and Black hard drives using SMR technology, and Plaintiff and Class members had no idea until April 2020 when WDC disclosed the same. Compl., ¶¶ 22-23. Plaintiff alleges he would have behaved differently—specifically, that he would not have purchased the hard drives for the price he paid—if WDC had disclosed that it had swapped the traditional and tried-and-true CMR technology in its hard drives for cheaper and inferior SMR technology which significantly reduced the performance and capabilities of the hard drives. Compl., ¶¶ 6, 48, 56. Plaintiff was thus harmed by Defendant's material omission. *Id.* ¶¶ 48, 56.

These allegations—that WDC *secretly* and *without notice to consumers* slipped lower-cost and inferior technology into their hard drives, then continued to charge a price premium to consumers based on WDC's failure to disclose the use of said technology—are more than sufficient to state a claim for a violation of GBL §§ 349 and 350. *See, e.g., Warner v. StarKist Co.*, 2019 WL 1332573, at *2 (N.D.N.Y. Mar. 25, 2019) ("Accordingly—considering StarKist's failure to argue that the omission of language indicating it paid to place the Heart Check-Mark on its products would not mislead a reasonable consumer—Warner has adequately alleged that StarKist's omission was materially misleading at this stage."); *Nick v. Target Corp.*, 2017 WL 10442061, at *4 (E.D.N.Y. Sept. 13, 2017) ("Plaintiffs argue that they sufficiently allege, at this stage, that Target's actions were materially misleading, in that Target failed to provide information to consumers in obtaining and disclosing personal information—actionable omissions under GBL § 349 … Upon consideration, the Court finds that Plaintiffs sufficiently plead that Target's conduct constituted actionable omissions under GBL § 349."); *Browning v.*

*Unilever United States, Inc.*, 2017 WL 7660643, (C.D. Cal. Apr. 26, 2017) ("According to Defendant, none of Plaintiffs' claims are plausible [including GBL §§ 340 and 350] under Rule 8 because the representations made on the Product's labels were not misleading. This argument has the same flaw as some of Defendant's previous arguments—it ignores Plaintiffs' allegation that an *omission* is what makes the Product allegedly misleading.") (emphasis in original); *Guido v. L'Oreal, USA, Inc.*, 2013 WL 454861, at *8 (C.D. Cal. Feb. 6, 2013) ("Plaintiffs' allegations successfully state claims under the New York and California consumer protection statutes. Plaintiffs allege that defendants failed to disclose the fact that the Serum was flammable, and this omission was material because, as explained above, if a reasonable consumer using the Serum knows it is flammable, she will be 'behave differently' if she has reason to believe that she might encounter a source of ignition.").

**Second**, Defendant argues Plaintiff's fraudulent concealment claim fails because WDC did not have "an affirmative duty to disclose its use of SMR technology." Ltr. at 2. Not true. A cause of action for fraudulent concealment lies "where one party possesses superior knowledge, not readily available to the other, and knows that the other is acting on the basis of mistaken knowledge." *Harbinger Capital Partners LLC v. Deere & Co.*, 632 F. App'x 653, 656 (2d Cir. 2015). Here, the Complaint alleges that (1) WDC had superior knowledge in that only it knew it was manufacturing the hard drives using SMR technology, and (2) WDC knew Plaintiff was acting on this mistaken knowledge because WDC knew Plaintiff had no way of knowing that the hard drives were manufactured using SMR technology. Compl., ¶¶ 22, 29, 58-67. Such allegations are sufficient to support a claim for fraudulent concealment. *Fertitta v. Knoedler Gallery, LLC*, 2015 WL 374968, at *12 (S.D.N.Y. Jan. 29, 2015) (sustaining claim for fraudulent concealment where "[t]he Amended Complaint alleges that Kraft (1) had access to information that Gurr Johns did not (the true identity of the owner) and knew that Gurr Johns was acting on mistaken knowledge, and (2) made partial representations about the painting that at least required further information to render them not misleading").

**Third**, Defendant argues that "the unjust enrichment claim should be dismissed because it is duplicative of plaintiff's other claims." Ltr. at 3. But this argument defies a plain reading of the Federal Rules, which allow pleading in the alternative. *See*, *e.g.*, Fed. R. Civ. P. 8(d); *Singer v. Xipto Inc.*, 852 F. Supp. 2d 416, 426 (S.D.N.Y. 2012) ("While a party generally may not simultaneously recover upon a breach of contract and unjust enrichment claim arising from the same facts, it is still permissible to plead such claims as alternative theories."). Moreover, "a claim for unjust enrichment is not duplicative of a breach of contract claim where the plaintiff alleges that the contracts were induced by fraud." *Pramer, S.C.A. v. Abaplus Int'l Corp.*, 76 A.D.3d 89, 100 (1st Dep't 2010). Further, contrary to Defendant's argument, New York law permits an unjust enrichment claim where there is no privity between the customer and manufacturer. *Hughes v. Ester C Co.*, 930 F. Supp. 2d 439, 471 (E.D.N.Y. 2013) ("Under New York law, unjust enrichment does not require a direct relationship between the parties.").

## II.     THE ACTION SHOULD NOT BE TRANSFERRED TO CALIFORNIA

Defendant also seeks to transfer this case to the Northern District of California. Defendant cannot meet its heavy burden to transfer this case pursuant to 28 U.S.C. § 1404(a). The Second Circuit applies a "clear and convincing evidence" standard to motions to transfer under Section 1404. *New York Marine & General Ins. Co. v. Lafarge N. Am, Inc.*, 599 F.3d 102,

113-14 (2d Cir. 2010). "[T]he party requesting transfer carries the burden of making out a strong case for transfer." *Id.* (citation omitted). The Court considers seven factors: "(1) the plaintiff's choice of forum, (2) the convenience of the witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of the operative facts, (6) the availability of process to compel attendance of unwilling witnesses, and (7) the relative means of the parties." *Id.* at 112.

WDC mainly argues that this case could have been brought in California and "[t]he California location would be more convenient to Western Digital. Ltr. at 4. But "[t]he plaintiff's choice of venue is 'entitled to substantial consideration.'" *Ramirez v. SupportBuddy Inc.*, 2018 WL 2089362, at *6 (S.D.N.Y. May 4, 2018) (quoting *Warrick v. Gen. Elec. Co.*, 70 F.3d 736, 741 (2d Cir. 1995)). "Indeed, 'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" *Id.* (quoting *Lykes Bros. S.S. Co. v. Sugarman*, 272 F.2d 679, 681 (2d Cir. 1959)). Here, such a balance does not favor transfer.

As an initial matter, transfer would inconvenience Plaintiff, a New York resident, and "[D]efendant[] fail[s] to 'provide the court with a detailed list of probable witnesses who [would] be inconvenienced if required to testify in the current forum.'" *Ramirez*, 2018 WL 2089362, at *7 (citation omitted). Most importantly, "defendants do not identify any non-party witnesses, and generally the convenience of <u>non-party</u> witnesses is accorded more weight than that of party witnesses in a § 1404(a) analysis." *Id.* (quotation omitted). Further, even if Defendant's documents are located in California, this factor is not given much weight, if any, in today's digital age. *Scalabrini v. PMAB, LLC*, 2020 WL 1049167, at *8 (S.D.N.Y. Mar. 3, 2020) ("Even if this factor did favor transfer, courts do not typically view it as particularly significant given the technological age in which we live, with the widespread use of, among other things, electronic document production.") (internal quotation omitted). In addition, Defendant is a massive corporation with greater resources at its disposal to litigate in New York as opposed to Plaintiff, an individual, who would have to litigate in California. *Scalabrini*, 2020 WL 1049167, at *10 ("Where a disparity exists between the means of the parties, such as in the case of an individual suing a large corporation, the court may consider the relative means of the parties in determining where a case should proceed.") (internal quotation omitted). These, along with other factors, demonstrate that transfer of this matter to California would be improper.

As a last-ditch effort, Defendant suggests that this action is "a companion action to another litigation pending in the Northern District of Califo[rn]ia, captioned *Malone v. Western Digital Corporation* (Case No. 5:20-cv-03584-NC)." Ltr. at 4. Although the cases are somewhat similar and Plaintiff's counsel is involved in both cases, it is a mischaracterization to state that this case is a "companion" or that the two "purport to represent the same nationwide class." Unlike this action, the *Malone* action is brought on behalf of purchasers of the WD **Red** hard drives, not WD Black and Blue hard drives. They are different products. And, while WDC also snuck SMR technology into those drives, the legal theories underlying the claims in *Malone* are different because *Malone* concerns affirmatively false statements more so than omissions. *See Malone* Compl., ECF No. 19, ¶ 1 (WD Red drives "advertised and represented to be designed for and suitable for use in NAS," but contain SMR technology which by its very nature is detrimental to and incompatible with usage in NAS devices."). Thus, the cases are distinct. *Malone* does not warrant transferring this case to California.

Respectfully submitted,

*Y. Kopel*

Yitzchak Kopel

CC: All counsel of record (via ECF)