UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OSCAR BROWN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>WESTERN DIGITAL CORPORATION,<br><br>Defendant. | Case No. 1:20-cv-04624 (AT) (JCx) |

# DEFENDANT WESTERN DIGITAL CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO TRANSFER

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

Eric Kizirian (admitted *pro hac vice*)
Joshua S. Hodas (admitted *pro hac vice*)
633 W. 5th Street, Suite 4000
Los Angeles, CA 90071

Peter T. Shapiro
77 Water Street, Suite 2100
New York, New York 10005

*Attorneys for Defendant*
*Western Digital Corporation*

**TABLE OF CONTENTS**

**Page**

I. Introduction ................................................................................................................... 1

II. Statement of Facts .......................................................................................................... 2

    A. The Claims. ......................................................................................................... 2

    B. The First-Filed *Malone v. Western Digital Corporation, Inc.*, Northern District of California. ........................................................................................... 3

III. This Action Should Be Transferred to the Northern District of California Pursuant to 28 U.S.C. § 1404(a). ................................................................................................ 4

    A. The First-Filed Rule Favors Transfer Here. ........................................................ 5

    B. The 28 U.S.C. § 1404(a) Factors Also Favor A Transfer to the Northern District of California. ........................................................................................... 8

        1. Party and Witness Convenience ............................................................... 8

        2. The relative Means of the Parties ............................................................. 9

        3. Locus of Operative Facts, and Location and Sources of Proof ................ 9

        4. Ability to Obtain Attendance of Witnesses ............................................ 10

        5. Plaintiffs' Choice of Forum .................................................................... 11

        6. Congestion of the Courts ........................................................................ 11

        7. Familiarity with Substantive Law to be Applied ................................... 12

        8. Practical Difficulties ............................................................................... 13

        9. Considerations of Justice ........................................................................ 13

IV. Conclusion ................................................................................................................... 13

## TABLE OF AUTHORITIES

**Cases**

*Abushalieh v. Am. Eagle Express, Inc.*,
    716 F. Supp. 2d 361 (D.N.J. 2010) ................................................................................... 6

*Adams v. Key Tronic Corp.*, 1996 U.S. Dist. LEXIS 19244, at *11 (S.D.N.Y. Dec. 31,
    1996, No. 94 Civ. 0535) ................................................................................................... 10

*American Steamship Owners Mutual Protection and Indemnity Association, Inc. v.*
    *Lafarge North America, Inc.*,
    474 F. Supp. 2d 474 (S.D.N.Y. 2007) ............................................................................... 11

*Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp.*,
    11 F. Supp.2d 729 (S.D.N.Y. 1998) ................................................................................. 13

*Baltimore v. Toyota Motor Credit Corp.*, 2001 US Dist LEXIS 7451, at *6 (S.D.N.Y.
    June 8, 2001, 00 CV 8415 (RCC) ....................................................................................... 9

*Delarosa v. Holiday Inn*, 2000 U.S. Dist. LEXIS 6882, at *10-11, (S.D.N.Y. May 19,
    2000, No. 99 Civ. 2873) ................................................................................................... 11

*Dow Jones & Co. v. Bd. of Trade*,
    539 F Supp 190 (S.D.N.Y. 1982) ..................................................................................... 12

*Filmline (Cross-Country) Prods., Inc. v. United Artists Corp.*,
    865 F.2d 513 (2d Cir. 1989) ............................................................................................... 8

*First City Natl. Bank & Trust Co. v. Simmons*,
    878 F2d 76 (2d Cir. 1989) .................................................................................................. 5

*Glass v. S&M NuTec, LLC*, 456 F. Supp. 2d 498, 502 (S.D.N.Y. 2006) ................................. 8, 10

*Global Network Communs., Inc. v. City of New York*,
    458 F.3d 150 (2d Cir. 2006) ............................................................................................... 3

*In re Anthem Data Breach Litig.*, 162 F Supp 3d 953, 993-99. (N.D. Cal. 2016) ........................ 12

*In re AtheroGenics Sec. Litig.*,
    2006 US Dist LEXIS 15786 (S.D.N.Y. Mar. 31, 2006) .................................................. 12

*In re Cuyahoga Equip. Corp.*,
    980 F.2d 110 (2d Cir. 1992) ............................................................................................... 6

*In re Principal United States Prop. Account Litig.*,
    2010 US Dist LEXIS 64342 (S.D.N.Y. Apr. 22, 2010) ..................................................... 9

*Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*,
    342 U.S. 180 (1952) .................................................................................................. 5

*Lou v. Belzberg*,
    834 F.2d 730 (9th Cir. 1987) ................................................................................... 11

*Miller v. Unterreiner*, 2013 US Dist LEXIS 166246, at *14 (D Colo Sep. 27, 2013, Civil
    Action No. 13-cv-00365-REB-CBS) ....................................................................... 11

*Northern District of California. See Glass v. S&M NuTec, LLC*,
    456 F. Supp. 2d 498 (S.D.N.Y. 2006) ........................................................................ 8

*Pippins v. KPMG LLP*, 2011 U.S. Dist. LEXIS 30678, 2011 WL 1143010, at *2
    (S.D.N.Y. Mar. 21, 2011, No. 11 Civ. 0377 (CM) ..................................................... 6

*Regions Bank v. Wieder & Mastroianni, P.C.*,
    170 F Supp 2d 436 (S.D.N.Y. 2001) ..................................................................... 6, 7

*Roe v. Johnson*,
    334 F. Supp. 2d 415 (S.D.N.Y. 2004) ........................................................................ 3

*Sana Zara Bukhari v. Deloitte & Touche LLP*, 2012 U.S. Dist. LEXIS 167315, at *8-9
    (S.D.N.Y. Nov. 26, 2012, No. 1:12-cv-04290) .......................................................... 6

*Schneider v. Sears*,
    265 F Supp 257 (S.D.N.Y. 1967) .............................................................................. 5

*Thomas v. Apple-Metro, Inc.*, , 2015 U.S. Dist. LEXIS 14574, at *7 (S.D.N.Y. Feb. 5,
    2015, No. 1:14-cv-04120) ......................................................................................... 5

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964) .................................................................................................. 8

*Vassallo v. Niedermeyer*,
    495 F Supp 757 (S.D.N.Y. 1980) ............................................................................ 12

*Warrick v. Gen. Elec. Co. (In re Warrick)*,
    70 F3d 736 (2d Cir. 1995) ....................................................................................... 11

*William Gluckin & Co. v. Intl. Playtex Corp.*,
    407 F2d 177 (2d Cir. 1969) ....................................................................................... 6

**Statutes**

28 U.S.C. § 1404(a) ................................................................................................. 1, 4, 8, 13

N.Y. Gen. Bus. Law § 349 ............................................................................................... 12

N.Y. Gen. Bus. Law §§ 349 and 350 ................................................................................. 4

N.Y. Gen. Bus. Law §§ 349 and 350. .............................................................................. 12

N.Y. Gen. Bus. Law § 350 ................................................................................................. 2

**I.     INTRODUCTION**

This lawsuit is a virtual carbon copy of *Malone v. Western Digital Corporation* (No. 5:20-cv-03584-NC) ("*Malone*"). The same counsel representing plaintiff Oscar Brown here filed *Malone* in the Northern District of California on May 29, 2020, two-and-a-half weeks *before* filing this one.[1] The parallels between this case and *Malone* are unmistakable: *Malone* involves the *same* defendant, (Western Digital Corporation ("WDC")), the *same* technology (so-called "Drive-Managed SMR", discussed below), the *same* purported shortcomings of that technology, the *same* law firm representing plaintiff here, and similar causes of action for alleged violations of consumer protection statutes based on WDC's purported failure to disclose its use of that technology to the public. The only difference is that the plaintiff here focuses on two lines of WDC hard disk drives (the "Black" and "Blue" product lines), whereas the plaintiff in *Malone* focuses on the "Red" product line. However, the claims here are not actually specific to the two product lines. Rather, the claims here and in *Malone* are based entirely on the use of, and alleged inadequacies of, the same underlying technology—Drive-Managed SMR—and the claims here and in *Malone* are both grounded in essentially the same alleged violations of various consumer protection laws. This minor variation elevates form over substance, and provides no basis for continued litigation of this duplicative suit in this Court.

The rules of comity, the need to avoid inconsistent outcomes, the preservation of judicial resources, and the "first-filed rule" (28 U.S.C. § 1404(a)) all require that this case be transferred to the Northern District of California. This case is, in all material respects, almost entirely

---

[1] Bursor & Fisher, P.A. is counsel of record in both cases. There is additional, local counsel in the *Malone* action who handled the initial filing of the action. Additional named plaintiffs have also since been added to the *Malone* action by amendment.

duplicative of the first-filed *Malone* case already pending in that district. This fact alone requires a transfer of this case. And, as set forth herein, the key factors courts consider in analyzing transfer requests under Section 1404(a) overwhelmingly favor a transfer to the Northern District of California. There is no justification for maintaining the two-litigation fronts that WDC presently faces. To allow this case to proceed here would be fundamentally unfair and burdensome to both the courts and WDC alike, and would unnecessarily create a potential for inconsistent outcomes on the same claims and issues. The interests of justice, judicial economy, efficiency, and fairness require that this case be transferred to the Northern District of California to be litigated with *Malone*.

## II.     STATEMENT OF FACTS

### A.     The Claims.

Plaintiff Oscar Brown is a citizen and resident of New York City, New York who allegedly purchased three Western Digital Black hard drives in or about October 2019. He claims that, at the time of his purchase, he did not know that the drives employed so-called "SMR" technology, and—because plaintiff (incorrectly) believes that technology is inferior and susceptible to problems—plaintiff claims that he would not have purchased the drives or would have paid less for them if he had known the drives used SMR technology. Plaintiff claims he suffered damages due to this purchase and because his Black drives failed.

Brown asserts claims for Unjust Enrichment and Fraudulent Concealment on behalf of a purported nationwide class, and for violation of New York General Business Law ("GBL") § 349, and violation of GBL § 350 on behalf of a purported New York subclass.

### B. The First-Filed Action: *Malone v. Western Digital Corporation, Inc.*, Northern District of California.

On May 29, 2020, about two-and-a-half weeks prior to filing this lawsuit, class counsel here filed a lawsuit against WDC in the Northern District of California. (Declaration of Joshua S. Hodas ("Hodas Decl."), ¶ 2, Ex. A ("*Malone* Complaint").) [2] The original named plaintiff in that action was Nathaniel Malone, purportedly a citizen of Wisconsin who purchased a Western Digital "Red NAS" hard drive that uses Drive-Managed SMR technology. (*Malone*, Dkt. 1, ¶ 8-9.) By the First and Second-Amended Complaints, several additional named plaintiffs were added, eventually including Chris Ayers, purportedly a citizen of Florida (Hodas Decl., ¶ 3, Ex. B ("*Malone* SAC"), ¶ 14), James Backus, purportedly a citizen of Virginia ((*Id.*, ¶ 15), Brian Conway, purportedly a citizen of Massachusetts (*Id.*, ¶ 16), David Eaton, purportedly a citizen of Missouri ((*Id.*, ¶ 17), Steven Gravel, purportedly a citizen of New York (*Id.*, ¶ 18), James Raaymakers, purportedly a citizen of California (*Id.*, ¶ 19), and Tod Weitzel, purportedly a citizen of California (*Id.*, ¶ 20). Each of the additional named defendants claims they purchased, in their respective home jurisdictions, one or another model of Western Digital Red NAS hard drives that employed the Drive-Managed SMR technology.

The key factual allegations of the *Malone* complaint are virtually indistinguishable from those plaintiffs make here. The *Malone* plaintiffs allege that SMR technology (which, in fact, is now employed in drives made by all three of the major hard drive manufacturers) is inherently

---

[2] The Court can take judicial notice of the documents filed in the *Malone* action. *Global Network Communs., Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) ("'A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings'"); *Roe v. Johnson*, 334 F. Supp. 2d 415, 420 (S.D.N.Y. 2004) ("A court may take judicial notice of a public record pursuant to Rule 201(b), Fed. R. Evid.").

flawed and makes the drives prone to data loss, and that it is appropriate for use only in a very small category of drives used purely for archival purposes. (*Malone* SAC, ¶ 32-33.)[3] Plaintiffs each allege that the use of SMR caused them to lose data. On this basis, the *Malone* plaintiffs assert putative nationwide and California, Florida, Massachusetts, Missouri, New York, Virginia and Wisconsin subclass claims for violation of state consumer protection laws, including for violations of New York GBL §§ 349 and 350 as claimed here.[4]

Plaintiff is expected to argue that the fact that this case and *Malone* relate to different product lines makes the factual basis (and, hence, *the* discovery necessary) in each case sufficiently different, one from the other, that they do not share a sufficient nexus to warrant transfer. Plaintiff, however, belies any such argument in his own complaint. While Plaintiff alleges only that he purchased Western Digital Black hard drives, he has sued on behalf of all purchasers of both those drives and of Western Digital Blue drives. (Complaint, ¶ 1.) Western Digital Black and Western Digital Blue are entirely unrelated product lines. The only issue alleged in the complaint to be shared by them is that some models of the Blue line were replaced by SMR variants in the same time period and allegedly wrongful manner as occurred with the Black line. That is no different from the allegations against the Red product line at issue in *Malone*.

### III.   THIS ACTION SHOULD BE TRANSFERRED TO THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1404(A).

Section 1404(a) of Title 28 authorizes this Court to transfer a pending action to a more convenient and suitable forum. The decision whether to transfer a case turns on a two-pronged

---

[3] For avoidance of any doubt, WDC vehemently disputes that SMR is in any way "inferior technology", but, for purposes of this motion, reserves its factual challenge to this assertion.

[4] The Second Amended Complaint in *Malone* also added claims for common-law breach of express and implied warranties as well as statutory breach of implied warranty under California's Song-Beverly Act.

4849-7943-9052.13                                                4

inquiry. *First*, the Court must ask whether the proposed venue is proper—that is, whether the case that is sought to be transferred is one that might have been brought in the district court to which the moving party seeks to have the case transferred. *Schneider v. Sears,* 265 F Supp 257, 261 (S.D.N.Y. 1967). *Second*, if the proposed venue is proper, this Court must consider whether the transfer will "serve the convenience of witnesses and parties" and whether it is "in the interests of justice." *Id.* This second inquiry requires that the Court analyze (1) the convenience of the parties; (2) the convenience of witnesses; (3) the relative means of the parties; (4) the locus of operative facts and relative ease of access to sources of proof; (5) the ability to compel attendance of witnesses; (6) the weight accorded the plaintiff's choice of forum; (7) relative calendar congestion; (8) the desirability of having the case tried by the forum familiar with the substantive law to be applied; (9) practical difficulties; and (10) trial efficiency and how best to serve the interests of justice. *Id.* The inquiry is based on an assessment of the totality of material circumstances. *Id.* No single factor is dispositive and the Court has discretion to determine whether transfer is warranted in light of *all* the factors. *Id.*

Where, as here, more than one court has concurrent jurisdiction over an action involving the same parties and issues, a threshold inquiry is needed under the "first-filed rule." *First City Natl. Bank & Trust Co. v. Simmons*, 878 F2d 76, 79 (2d Cir. 1989).

### A.     The First-Filed Rule Favors Transfer Here.

The first-filed rule is paramount here. It gives this Court broad discretion to dismiss, stay, or transfer a suit that is duplicative of a previously-filed action. *Id.* at 80 ("an 'ample degree of discretion' is afforded to the district courts in determining a suitable forum") (*quoting Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.,* 342 U.S. 180, 183-84 (1952)); *Thomas v. Apple-Metro, Inc.*, 2015 U.S. Dist. LEXIS 14574, at *7 (S.D.N.Y. Feb. 5, 2015, No. 1:14-cv-04120). Where there are two or more competing lawsuits, the first-filed action must "have priority, absent the showing of

balance of convenience in favor of the second action, … or unless there are special circumstances which justify giving priority to the second" *William Gluckin & Co. v. Intl. Playtex Corp.*, 407 F2d 177, 178 (2d Cir. 1969) (internal quotes and citations omitted). A transfer is appropriate where it "avoid[s] duplication of judicial effort, [a]void[s] vexatious litigation in multiple forums, achieve[s] comprehensive disposition of litigation among parties over related issues, and eliminate[s] the risk of inconsistent adjudication." *Regions Bank v. Wieder & Mastroianni, P.C.*, 170 F Supp 2d 436, 439 (S.D.N.Y. 2001) (internal quotes and citations omitted).

These considerations apply not only to ordinary litigation, but equally to "class action suits filed by different plaintiff classes against the same defendant." *Sana Zara Bukhari v. Deloitte & Touche LLP*, 2012 U.S. Dist. LEXIS 167315, at *8-9 (S.D.N.Y. Nov. 26, 2012, No. 1:12-cv-04290).[5] And the cases need not be identical—the first and subsequently filed cases need only have substantially similar, though not identical, parties and claims. *Id*. at *9 (citing *Pippins v. KPMG LLP*, 2011 U.S. Dist. LEXIS 30678, 2011 WL 1143010, at *2 (S.D.N.Y. Mar. 21, 2011, No. 11 Civ. 0377 (CM)) (quoting *In re Cuyahoga Equip. Corp*., 980 F.2d 110, 116-17 (2d Cir. 1992))).

The first-filed rule exists exactly for cases like this one. As set forth above, *Malone*, filed first, is *identical* to this case in virtually all material respects. Both Complaints allege the same basic shortcomings of SMR drives. (*See, e.g., Complaint ¶¶ 1, 15; *Malone*, Dkt. 1 ¶¶ 14, 23.) Both

---

[5] While, in a typical civil action, the presence of different plaintiffs may result in cases that are not "materially on all fours" with each other, that is not the case when two class actions are filed against the same defendant. Specifically, where, as here, "each set of named plaintiffs intends to represent [a class of plaintiffs encompassing] the other set, the underlying principles of the first-filed rule which seek to avoid 'vexation of subsequent litigation over the same subject matter' and 'the economic waste involved in duplicating litigation,' and to promote 'prompt and efficient administration of justice,'" permit courts to defer to the court of first jurisdiction. *Abushalieh v. Am. Eagle Express, Inc.*, 716 F. Supp. 2d 361, 366 (D.N.J. 2010).

allege that Western Digital knowingly failed to disclose the transition to SMR drives and even affirmatively denied it. (*See, e.g.,* Complaint ¶ 21; *Malone* Complaint, ¶ 38.) Both allege that while SMR drives are allegedly cheaper to make, Western Digital did not lower the price of its drives when it replaced the CMR models it previously sold with SMR models and was thereby unjustly enriched. (*See, e.g.,* Complaint ¶ 26-27; *Malone* Complaint, ¶ 21.) and both cite to many of the same blog posts about the alleged issues with the drives. (*See, e.g.,* Complaint ¶¶ 15, 11; *Malone* SAC, ¶¶ 10, 28.) And, like plaintiffs here, the *Malone* plaintiffs purport to represent both putative nationwide and state sub-classes for alleged violations of state consumer protection laws.

In short, the defect claims are the same, the nationwide class definitions are the same, the alleged omissions are the same, and the principal lawyers are the same. The only difference between the two cases is that *Malone* invokes the consumer protection laws of numerous states (including New York's), whereas plaintiff here invokes only New York consumer protections laws. Counsel could easily have added Mr. Brown as a plaintiff in *Malone*.

*Malone* was filed first. A case-management conference has already been held, a scheduling order was issued, and discovery has already started in that action. (Hodas Decl., ¶ 4.) There is no reason why this case should not be transferred to California where it can be litigated with *Malone* before a court familiar with the facts and issues involved. Transfer of this case to the Northern District of California is particularly appropriate since the *Malone* plaintiffs are presumably members of the same putative nationwide class plaintiff Brown purports to represent here. A transfer will "avoid duplication of judicial effort," "achieve comprehensive disposition of litigation among parties over related issues," and "eliminate the risk of inconsistent adjudication" on issues that involve the same claims and putative classes. *See Regions Bank*, 170 F Supp 2d at 439.

## B.     The 28 U.S.C. § 1404(a) Factors Also Favor A Transfer to the Northern District of California.

Even *if* the first-filed rule did not, alone, support a transfer, the section 1404(a) factors do. A district court has broad discretion to balance these factors with the goal of "prevent[ing] the waste of time, energy and money and . . . protect[ing] litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964) (citations and internal quotation marks omitted); *Filmline (Cross-Country) Prods., Inc. v. United Artists Corp.,* 865 F.2d 513, 520 (2d Cir. 1989) ("The determination whether to grant a change of venue requires a balancing of conveniences, which is left to the sound discretion of the district court").

### 1.     *Party and Witness Convenience*

Plaintiff alleges WDC is headquartered in San Jose, California. (Complaint ¶¶ 30.)[6] Thus, he concedes that most (if not all) of the WDC witnesses would also be located in California. This would include, for example, witnesses involved in either the engineering or marketing of the hard drives. Thus, WDC's California headquarters strongly favors this case be transferred to the Northern District of California. *See Glass v. S&M NuTec, LLC*, 456 F. Supp. 2d 498, 502 (S.D.N.Y. 2006).

Plaintiff also cannot credibly claim the Northern District of California is an inconvenient forum when his counsel affirmatively sued WDC in California in *Malone*—initially with a single out-of-state plaintiff from Wisconsin, and subsequently with seven additional named plaintiffs in

---

[6] WDC's S.E.C. filings show that its headquarters and the vast majority of its United States operations, including all marketing and sales departments and its primary product development facility are located in California, primarily in the Northern District. (Hodas Decl., ¶ 5, Exh. C.) WDC maintains small R&D and Product Development facilities in Colorado and in Minnesota. (*Id*.)

six other states, **including one who is a resident and citizen of New York State**. (*Malone* SAC, ¶ 18.) Plaintiff and witness convenience clearly was not an obstacle in counsel's choice of forum in *Malone*. Counsel for plaintiffs has demonstrated that litigating this case in the Northern District of California is not an issue since they filed *Malone* there first.

This factor tips in favor of transfer.

### 2. *The Relative Means of the Parties*

While Western Digital has no information concerning Mr. Brown other than what is alleged in the complaint, it is certainly substantially likely that, as a major corporation, it has much greater means. In a class action suit, however, the role and interests of the named plaintiff is significantly diminished, and, like a plaintiff's right to choose its own forum, this factor is significantly downplayed in such contexts. *In re Principal United States Prop. Account Litig.*, 2010 US Dist LEXIS 64342, at *16 (S.D.N.Y. Apr. 22, 2010) ("This factor is essentially irrelevant in the class action context, since counsel are financing the case on behalf of Plaintiffs, whose modest means relative to those of Defendants are of absolutely no moment"); *Baltimore v. Toyota Motor Credit Corp.*, 2001 US Dist LEXIS 7451, at *6 (S.D.N.Y. June 8, 2001, 00 CV 8415 (RCC)) ("By filing a class action, Plaintiffs have essentially placed themselves on equal footing with Defendant with respect to their means").

Thus, this factor is neutral.

### 3. *Locus of Operative Facts, and Location and Sources of Proof*

The locus of operative facts unmistakably favors the Northern District of California. The allegedly defective hard drives were designed and engineered in California, which is also where the marketing concerning the drives was generally formulated and approved. Just as the vast majority, if not all, of WDC's witnesses will be found in the Northern District of California, the

vast majority, if not all, of its discoverable information will be found at its headquarters there. While, in a commercial litigation between two companies, the plaintiff's discoverable information will be found at its own headquarters and may be equally voluminous, it cannot reasonably be disputed that in class-action suits like this one, the overwhelming majority of documents and evidence at issue will come from defendants. *See Glass*, 456 F. Supp. 2d at 502-03 (the facts that "[a]ll evidence, documentary and otherwise, save for the evidence presented by each of the plaintiffs regarding their pets' individual experiences with Greenies, is located within the [the transferee district,] … [that a]dditionally, Greenies are entirely designed, marketed and manufactured within [that district,] … [and that] litigation of the present action is likely to focus more significantly on the question of whether Greenies were unsafely designed or manufactured than on whether plaintiffs' canine companions actually suffered the injuries complained of" all weighed in favor of transfer); *Cf. Adams v. Key Tronic Corp.*, 1996 U.S. Dist. LEXIS 19244, at *11 (S.D.N.Y. Dec. 31, 1996, No. 94 Civ. 0535) (holding, in a product liability case, that "the place where the research, design and testing took place, and where the manufacturer made production decisions, has a significant connection to the issues of the case and is a locus of operative facts.").

Thus, here, this factor tips overwhelmingly in favor of transfer.

### 4. *Ability to Obtain Attendance of Witnesses*

Because it is the hub of the United States technology industry, just as Western Digital and its witnesses are located in the Northern District of California, most if not all relevant third-party witnesses—including, for example, any former Western Digital employees, Western Digital technology or sales partners, etc.—are far more likely to be located in the Northern District of California than they are to be found in the Southern District of New York. That court, therefore,

is in a far better position to be able to compel attendance by such witnesses than is this Court. *See, e.g., Delarosa v. Holiday Inn*, 2000 U.S. Dist. LEXIS 6882, at *10-11, (S.D.N.Y. May 19, 2000, No. 99 Civ. 2873) ("ability of the court to compel the attendance of unwilling witnesses" favored transfer where, for example, some witnesses were no longer employed by the defendant). Again, Plaintiff's counsel has already sued WDC in the Northern District of California, including on behalf of another resident of New York, on identical claims. Plaintiff cannot thus credibly claim that the necessary witnesses would not be available in California.

This factor, therefore, tips overwhelmingly in favor of transfer.

### 5. *Plaintiffs' Choice of Forum*

While a plaintiff's choice of forum ordinarily is given significant weight, it "is not dispositive and, indeed, may deserve little weight" in the presence of an earlier-filed action. *Miller v. Unterreiner*, 2013 US Dist LEXIS 166246, at *14 (D Colo Sep. 27, 2013, Civil Action No. 13-cv-00365-REB-CBS) (citing *American Steamship Owners Mutual Protection and Indemnity Association, Inc. v. Lafarge North America, Inc.*, 474 F. Supp. 2d 474, 486 (S.D.N.Y. 2007) (noting that "[d]eference to a plaintiff's choice of forum can . . . be overcome by application of the first-filed rule")). And, in any event, "when an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987); *see also, Warrick v. Gen. Elec. Co. (In re Warrick)*, 70 F3d 736, 741, n.7 (2d Cir. 1995); *Glass* , 456 F. Supp. 2d at 504.

Here, this factor is neutral.

### 6. *Congestion of the Courts*

The relative docket conditions of the original and proposed transferee courts represent a "public interest" factor under § 1404(a) that may properly be considered in determining a motion

to transfer. *Dow Jones & Co. v. Bd. of Trade*, 539 F Supp 190, 192 (S.D.N.Y. 1982) (docket congestion is a factor that may be considered, but is not a dispositive one in the Southern District of New York); *In re AtheroGenics Sec. Litig.*, 2006 US Dist LEXIS 15786, at *19 (S.D.N.Y. Mar. 31, 2006) ("although docket congestion is insufficient on its own to support a transfer motion [it is] a proper factor for the Court to consider and is accorded some weight"). As reflected in the records compiled by the Administrative Office of the United States Courts (Hodas Decl., ¶ 6, Exh. D), the most recent data available (for June 2020) shows that, in the Southern District of New York, median time interval is 6.4 months from commencement to disposition, and 31.3 months from commencement to trial. By contrast, in the Northern District of California, the median delay is 10.1 months to disposition and 29.3 months to trial.

This factor appears to be neutral.

### 7.     *Familiarity with Substantive Law to be Applied*

While the complaint asserts claims under the New York GBL, California courts can easily interpret other states' laws. Indeed, federal courts frequently find it necessary to interpret and apply the law of foreign jurisdictions. There is no reason to believe that the Northern District of California is not capable of applying New York law to plaintiffs' consumer protection claims as it has done many times before.[7] If Plaintiff's counsel had any reservations about this issue, they would not have amended *Malone* to include claims arising from the consumer protection laws of multiple states, **including even New York GBL §§ 349 and 350**. In any case, "[t]he fact that the law of another jurisdiction governs the outcome of the case is a factor accorded little weight on a motion to transfer" in this district. *Vassallo v. Niedermeyer*, 495 F Supp 757, 760 (S.D.N.Y. 1980)

---

[7] *See, e.g.*, *In re Anthem Data Breach Litig.*, 162 F Supp 3d 953, 993-99. (N.D. Cal. 2016) (extensively analyzing a claim under New York GBL § 349).

This factor is neutral.

      8.    *Practical Difficulties*

Western Digital is not aware of any practical difficulties that would arise from transfer of this case to the Northern District of California.

This factor appears to be neutral.

      9.    *Considerations of Justice*

Justice and the totality of the circumstances also favor a transfer. *Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp.*, 11 F. Supp.2d 729, 730 (S.D.N.Y. 1998). It is fundamentally unfair and inefficient to force WDC to defend the same claims, filed by the same attorneys on behalf of the same putative nationwide class, and involving the same alleged defect, in two different forums. The Northern District of California is already familiar with the facts and legal issues Plaintiffs assert here. And *Malone* is further along than this case. There is no reason to tie up two district courts' resources to resolve the same case while risking potentially inconsistent rulings.

This factor tips strongly in favor of transfer.

**IV.**   **CONCLUSION**

Because the First-Filed Rule strongly supports transfer, and the § 1404(a) factors are all either neutral or overwhelmingly favor transfer (with none favoring denial of transfer), Western Digital respectfully requests that this Court transfer the case to the Northern District of California.

Dated: October 2, 2020                 **LEWIS BRISBOIS BISGAARD & SMITH LLP**

                                       By:    /s/ Joshua S. Hodas
                                               Joshua S. Hodas (admitted *pro hac vice*)
                                               Eric Kizirian, Esq. (admitted *pro hac vice*)
                                               Peter T. Shapiro, Esq.
                                               *Attorneys for Defendant Western Digital Corporation*
                                               josh.hodas@lewisbrisbois.com

**CERTIFICATE OF SERVICE**

Joshua S. Hodas, an attorney duly admitted to practice before this Court, certifies that on October 2, 2020, he caused the within Memorandum of Law to be filed and served by ECF.

                                                /s/ Joshua S. Hodas
                                                       Joshua S. Hodas