**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

OSCAR BROWN, individually and on behalf
of all others similarly situated,

                             Plaintiff,

      v.

WESTERN DIGITAL CORPORATION,

                             Defendant.

Case No. 1:20-cv-04624

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER

Dated: October 27, 2020

**BURSOR & FISHER, P.A**.
Yitzchak Kopel
Alec M. Leslie
Max S. Roberts
888 Seventh Avenue, Third Floor
New York, New York 10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
Email:  ykopel@bursor.com
       aleslie@bursor.com
       mroberts@bursor.com

*Attorneys for Plaintiff*

# TABLE OF CONTENTS

**PAGE(S)**

I.     INTRODUCTION ................................................................................. 1

II.    STATEMENT OF FACTS .................................................................... 2

III.   LEGAL STANDARD ........................................................................... 5

IV.    ARGUMENT ......................................................................................... 5

       A.    The First-Filed Rule Does Not Support Transfer ..................... 5

       B.    The Balance Of Factors Do Not Support Transfer ................... 7

             1.    Plaintiff's Choice Of Forum ............................................. 7

             2.    The Convenience Of Parties And Witnesses .................... 8

             3.    The Location Of Relevant Documents And The Relative Access To Sources Of Proof ....................................................................... 9

             4.    The Locus Of Operative Facts ........................................ 9

             5.    The Availability Of Process To Compel The Attendance Of Unwilling Witnesses ................................................................... 10

             6.    The Relative Means Of The Parties ............................... 10

             7.    The Interests Of Trial Efficacy And Justice ................. 10

V.     CONCLUSION .................................................................................... 11

# TABLE OF AUTHORITIES

**PAGE(S)**

## CASES

*800-Flowers, Inc, v. Intercontinental Florist, Inc.*,
  860 F. Supp. 128 (S.D.N.Y. 1994) ................................................................. 9

*Ahmed v. T.J. Maxx Corp.*,
  777 F. Supp. 2d 445 (E.D.N.Y. 2001) ............................................................ 7

*Arrow Elecs. Inc. v. Ducommun Inc.*,
  724 F. Supp. 264 (S.D.N.Y. 1989) ................................................................. 8

*DiRienzo v. Philip Servs. Corp.*,
  294 F.3d 21 (2d Cir. 2002) ............................................................................. 8

*EasyWeb Innovations, LLC v. Facebook, Inc.*,
  888 F. Supp. 2d 342 (E.D.N.Y. 2012) ..................................................... 8, 10

*Flood v. Carlson Restaurants Inc.*,
  94 F. Supp. 3d 572 (S.D.N.Y. 2015) .................................................... 5, 7, 10

*Fransway v. BAC Home Loan Servicing, LLP*,
  2014 WL 1383260 (S.D.N.Y. Apr. 2, 2014) ................................................... 5

*In re Lehman Brothers Holdings Inc.*,
  594 B.R. 33 (Bankr. Ct. S.D.N.Y. 2018) ........................................................ 8

*Iragorri v. United Tech. Corp.*,
  274 F.3d 65 (2d Cir. 2001) ............................................................................. 7

*Joseph v. Signal International L.L.C.*,
  2014 WL 12597398 (E.D. Tex. July 15, 2014) .............................................. 7

*Kiss My Face Corp. v. Bunting*,
  2003 WL 22244587 (S.D.N.Y. Sept. 20, 2003) .............................................. 8

*Lapushner v. Admedus Ltd.*,
  2020 WL 777332 (S.D.N.Y. Fed. 14, 2020) ................................................... 9

*NBA Properties, Inc. v. Salvino, Inc.*,
  2000 WL 323257 (S.D.N.Y. Mar. 27, 2000) ................................................ 10

*New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*,
  599 F.3d 102 (2d Cir. 2010) ........................................................................... 7

*Ramirez v. SupportBuddy Inc.*,
    2018 WL 2089362 (S.D.N.Y. May 4, 2018)........................................................................... 5

*Tinnus Enterprises, LLC v. Telebrands Corp.*,
    2015 WL 11089478 (E.D. Tex. Dec. 2, 2015) ..................................................................... 7

*United States ex rel. Fisher v. Bank of America, N.A.*,
    204 F. Supp. 3d 618 (S.D.N.Y. 2016).................................................................................. 8

*Vida Longevity Fund, LP v. Lincoln Life & Annuity Co. of New York*,
    2020 WL 4194729 (S.D.N.Y. July 21, 2020) ..................................................................... 6

**STATUTES**

28 U.S.C. § 1404.................................................................................................................. 5

**OTHER AUTHORITIES**

*WDC Income Statement*, YAHOO! FINANCE,
    https://finance.yahoo.com/quote/WDC/financials?p=WDC ................................................ 10

Plaintiff Oscar Brown ("Plaintiff"), individually and on behalf of all others similarly situated, submits this response in opposition to Defendant Western Digital Corporation's ("WDC" or "Defendant") Motion to Transfer (the "Motion" or "Mtn.") (ECF No. 34).

## I.   <u>INTRODUCTION</u>

This case is based on Defendant's failure to disclose that its WD Black and WD Blue hard drives use Shingled Magnetic Recording ("SMR") technology, which provides inferior performance and data security to industry-standard Conventional Magnetic Recording ("CMR") technology.  Plaintiff purchased three of the affected hard drives in New York, where he was subject to Defendant's material omissions.  Defendant, for its part, has moved to transfer this action to the Northern District of California, where Defendant is headquartered and where the *Malone, et al. v. Western Digital Corporation*, Case No. 5:20-cv-03584 (N.D. Cal. 2020) action is currently pending.  Defendant's argument is based on the superficial similarities between this action and *Malone*:  that both actions involve Defendant's use of SMR technology in its hard drives.

In making these arguments, however, Defendant ignores differences between the two actions that warrant denial of the Motion.  Whereas *Malone* involves claims for *false statements* made in the sale of "WD Red NAS" hard drives, the *Brown* action involves claims for *fraudulent omissions* made in the sale of the "WD Black" and "WD Blue" hard drives.[1]  That is, *Malone* involves whether WDC misrepresented that its Red NAS hard drives were suitable for NAS and RAID (WDC even put "NAS" in that product's name), while *Brown* involves whether WDC should have disclosed that its Black and Blue hard drives use SMR technology.  These differing

---

[1] This is also why Plaintiff Brown only sought to represent purchasers of WD Black and WD Blue hard drives, rather than WD Red NAS hard drives as well.  The legal theories underlying the claims for the former two are different than those underlying the claims for the latter.

1

legal theories, as well as the different products at issue and the fact that the classes in each case do not overlap, signal that transfer is inappropriate because the actions are neither identical nor substantially similar.

Beyond this, each of the factors the Court must consider in deciding whether to transfer an action weighs against transfer, or is at worst neutral.  Plaintiff's choice of forum is entitled to great deference, and Plaintiff – an individual consumer – will be far more inconvenienced by being forced to litigate his claims away from his home district as opposed to Defendant, a corporate giant.  On the other hand, modern leaps in technology have made transferring documents across the country a breeze, and the trend of remote legal proceedings has only been exacerbated by the coronavirus pandemic.  As such, the inconvenience to Defendant will be minimal if it is required to litigate this action in this District.

For the reasons set forth herein, the Court should deny Defendant's Motion

## II.    STATEMENT OF FACTS

In or about October 2019, Plaintiff Oscar Brown purchased three WD Black Drives in New York.  Compl. ¶ 29.  Prior to purchase, Mr. Brown carefully reviewed the labeling on WD Black Drives' packaging and saw no representations that the WD Black Drives use SMR technology.  *Id*.  Had Defendant disclosed that the WD Black Drives use SMR technology, Mr. Brown would have been aware of that fact and would not have purchased the WD Black Drives at all, or would have only been willing to pay a substantially reduced price for the WD Black Drives.  *Id*.  This is because hard drives using SMR technology have slower writing speeds and are more prone to permanent data loss due to the nature of SMR technology.  *Id*. at ¶¶ 13-14.  Accordingly, SMR hard drives are not recommended for use by the ordinary consumer.  *Id*. at ¶ 15.  Yet, within the last several years, Defendant began slipping SMR technology into its WD

Black Drives and WD Blue Drives without informing consumers of the same.  *Id.* at ¶¶ 2-3, 21-22.  Worse yet, Defendant continued to charge consumers a price premium for their WD Black Drives and WD Blue Drives based on the assumption that drives still utilized industry-standard CMR technology, despite the fact that SMR drives are cheaper to produce.  *Id.* at ¶¶ 4, 26.  Accordingly, consumers like Plaintiff were harmed by WDC's fraudulent omissions.  Plaintiff filed a putative class action in New York, where Plaintiff is domiciled, against WDC on June 16, 2020, on behalf of all purchasers of the WD Black and WD Blue hard drives.

Across the country in California, a different litigation was unfolding.  On March 6, 2020, Nicholas Malone purchased four "WD Red NAS" 6TB hard drives.  Declaration of Joshua S. Hodas ("Hodas Decl.") Ex. B ("Consolidated Compl."), at ¶¶ 101-107.  Likewise, on May 1, 2020, James Raaymakers, a domiciliary of California, purchased a WD Red NAS 6TB hard drive.  Consolidated Compl. ¶ 228-231.  Defendant also slipped SMR technology into its WD Red NAS line of hard drives without informing consumers.  But this is where the similarity between the two actions ends.  The WD Red NAS hard drives had been advertised to be suitable for Network-Attached Storage ("NAS") and Redundant Array of Independent Disks ("RAID") environments.  *Id.* at ¶¶ 48-51.  Unlike with typical hard drives where consumers simply plug the hard drive into their computer to store or back up data (*i.e.*, like the WD Black and WD Blue hard drives), NAS and RAID systems are sophisticated file-sharing and data-preserving systems that do everything from clone a user's data across multiple hard drives to allow the user to access their data remotely.  *See generally id.* at ¶¶ 35-45 (describing how NAS and RAID systems work and their uses).  These systems focus on "providing high performance and data protection," which means a hard drive labeled as suitable for NAS and RAID should provide the same characteristics.  *Id.* at ¶ 45.

Because hard drives using SMR technology cannot provide these features—high speed/performance and robust data protection—drives using SMR technology are not recommended for NAS and RAID environments.  *Id.* at ¶ 46.  And, because WDC advertised their "WD Red NAS" hard drive as suitable for NAS and RAID despite using SMR technology, WDC engaged in false advertising.  *Id.* at ¶¶ 3-8.  Based on these facts, Mr. Malone (and later, several other named plaintiffs) filed a putative class action on behalf of all purchasers of WD Red NAS hard drives against Defendant on May 28, 2020, represented by the law firm, Hattis & Lukacs.  Hodas Decl. Ex. A.  Likewise, on June 19, 2020, Mr. Raaymakers filed a putative class action on behalf of all purchasers of WD Red NAS hard drives, represented by Bursor & Fisher, P.A.  *Raaymakers v. Western Digital Corp.*, Case No. 5:20-cv-04091, ECF No. 1 (N.D. Cal. June 19, 2020).

After both cases were filed, counsel for Plaintiff Malone and counsel for Plaintiff Raaymakers, in the interest of judicial efficiency, agreed to work together to prosecute claims on behalf of purchasers of the WD Red NAS hard drives.  But counsel from the onset kept the *Brown* action separate because it involved separate claims.  Whereas the *Malone* and *Raaymakers* actions involve claims for *false statements* made in the sale of the WD Red NAS hard drives, the *Brown* action involves claims for *fraudulent omissions* made in the sale of the WD Black and WD Blue hard drives.   That is, *Malone* and *Raaymakers* involve whether WDC misrepresented that its WD Red NAS hard drives were suitable for NAS and RAID, while *Brown* involves whether WDC should have disclosed that its WD Black and WD Blue hard drives use SMR technology.  And, based on these differing legal theories, the *Malone* and *Raaymakers* plaintiffs sought to represent a class of WD Red NAS purchasers, while *Brown* sought to represent a class of WD Black and WD Blue purchasers.

III.   **LEGAL STANDARD**

Under 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil actions to any other district or division where it might have been brought."  Courts employ a two-step inquiry to determine whether transfer is warranted.  *Flood v. Carlson Restaurants Inc.*, 94 F. Supp. 3d 572, 576 (S.D.N.Y. 2015) (Torres, J.).  First, courts "determine whether the action sought to be transferred is one that might have been brought in the transferee court."  *Id.*  Second, courts evaluate "several factors relating to convenience of transfer and the interests of justice."  *Id.*  These factors include:

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties.

*Id*. (internal citations omitted).  "A plaintiff's choice of forum is entitled to significant consideration and will not be disturbed unless other factors weigh strongly in favor of transfer." *Id.*; *see also Ramirez v. SupportBuddy Inc.*, 2018 WL 2089362, at *6 (S.D.N.Y. May 4, 2018) ("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." (quoting *Lykes Bros. S.S. Co. v. Sugarman*, 272 F.2d 679, 681 (2d Cir. 1959)).  In addition, "it is well established that motions for transfer lie well within the broad discretion of the district court."  *Fransway v. BAC Home Loan Servicing, LLP*, 2014 WL 1383260, at *2 (S.D.N.Y. Apr. 2, 2014) (Torres, J.).

IV.   **ARGUMENT**

**A.  The First-Filed Rule Does Not Support Transfer**

Defendant claims that the first-filed rule supports transfer of this action because "*Malone*, filed first, is *identical* to this case in virtually all material respects."  Mtn. at 6.  Not true.  "A

review of the relevant case law in this District and in this Circuit … reveals that a few simple or tenuous points of similarity between cases do not compel transfer; rather, even if a case in another district presents similar legal or factual issues, transfer will not be warranted unless the defendant shows that the cases are *so* similar that transfer would plainly serve the interest of judicial economy." *Vida Longevity Fund, LP v. Lincoln Life & Annuity Co. of New York*, 2020 WL 4194729, at *14 (S.D.N.Y. July 21, 2020) (emphasis in original) (denying motion to transfer). "[T]ransfer has been denied where the actions pending in different jurisdictions have been found not to be 'coextensive,' and where inconsistent judgments would not likely result." *Id*.

As noted above, plaintiffs in *Malone* seek to represent a class of purchasers of WD Red NAS hard drives who were harmed by Defendant's *false statements* in the marketing of the WD Red NAS hard drives (*i.e.*, that the WD Red NAS hard drives were suitable for NAS and RAID when they were not due to the use of SMR technology). *See* Introduction and Statement of Facts, *supra*; Consolidated Compl. ¶¶ 1-12, 272. By contrast, Plaintiff here seeks to represent a class of purchasers of WD Black and WD Blue hard drives who were harmed by Defendant's *material omissions* in the marketing of the WD Black and WD Blue hard drives. Compl. ¶¶ 1-7, 34. The cases therefore differ in material respects: the particular products at issue (WD Red NAS hard drives, versus WD Black and WD Blue hard drives); the putative, non-overlapping, classes to be certified; and the legal theories underlying each action. There is no risk for overlapping judgments or inconsistent rulings because, for instance, Defendant's failure to disclose the use of SMR technology could be found to be a material omission but not false advertising, or vice versa. Accordingly, the first-filed rule does not apply because the cases are neither identical nor even substantially similar. *See*, *e.g.*, *Ahmed v. T.J. Maxx Corp.*, 777 F.

Supp. 2d 445, 452 (E.D.N.Y. 2001) ("[T]he Court agrees with the Plaintiff that … the parties and underlying issues in the instant action and the SDNY actions are sufficiently different, so that any benefit gained by transferring this action would be minimal."); *Joseph v. Signal International L.L.C.*, 2014 WL 12597398, at *3 (E.D. Tex. July 15, 2014) (denying motion to transfer based on first-filed rule where "there is not substantial overlap among the claims in both suits") *Tinnus Enterprises, LLC v. Telebrands Corp.*, 2015 WL 11089478, at *1 (E.D. Tex. Dec. 2, 2015) (denying motion to transfer based on first-filed rule where "[w]hile some of the incidental background facts and issues may overlap, those facts and issues simply do not give rise to a substantial overlap between the cases") (emphasis removed).

### B.  The Balance Of Factors Do Not Support Transfer

As the party seeking transfer, Defendant bears the burden of establishing by clear and convincing evidence that transfer is appropriate. *New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010) (upholding district court's application of the clear and convincing standard); *Flood*, 94. F. Supp. 3d at 575 (The party seeking transfer bears the burden of establishing by clear and convincing evidence that transfer is appropriate.").  WDC fails to meet this burden.

#### 1.  Plaintiff's Choice Of Forum

"[P]laintiff's choice of forum is generally entitled to great deference when the plaintiff has sued in the plaintiff's home forum."  *Iragorri v. United Tech. Corp.*, 274 F.3d 65, 71 (2d Cir. 2001); *Flood*, 94 F. Supp. 3d at 576 ("A plaintiff's choice of forum is entitled to significant consideration and will not be disturbed unless other factors weigh strongly in favor of transfer.").  Plaintiff here has done exactly that by choosing to sue Defendant in Plaintiff's home district – the Southern District of New York, where Plaintiff is domiciled.  Compl. ¶ 29.  Further, although

this action was brought as a class action, "[a]ffording less deference to representative plaintiffs does not mean they are deprived of all deference in their choice of forum." *DiRienzo v. Philip Servs. Corp.*, 294 F.3d 21, 28 (2d Cir. 2002). This factor therefore weighs against transfer.

### 2. The Convenience Of Parties And Witnesses

While it may be more convenient for WDC to litigate in its home district of the Northern District of California than in this District. However, "where transfer would merely shift the inconvenience from one party to the other, the Court should leave plaintiff's choice of venue undisturbed." *EasyWeb Innovations, LLC v. Facebook, Inc.*, 888 F. Supp. 2d 342, 352 (E.D.N.Y. 2012). Here, WDC merely seeks to convenience itself at the inconvenience of Plaintiff, a New York resident. Such convenience-shifting is not a reason to transfer a case.[2]

WDC also argues that "most (if not all) of the WDC witnesses would also be located in California." Mtn. at 8. But WDC bears of the burden of providing a "detailed list of probable witnesses who will be inconvenienced if required to testify in the current forum." *Kiss My Face Corp. v. Bunting*, 2003 WL 22244587, at *8-9 (S.D.N.Y. Sept. 20, 2003); *see also Arrow Elecs. Inc. v. Ducommun Inc.*, 724 F. Supp. 264, 267 n.1 (S.D.N.Y. 1989) (moving party must provide a "list of the witnesses inconvenienced by the current forum and must 'make a general statement of what their testimony will cover'"); *In re Lehman Brothers Holdings Inc.*, 594 B.R. 33, 90 (Bankr. Ct. S.D.N.Y. 2018) ("While the Court recognizes that travel to New York may be inconvenient for some witnesses, in the absence of proof that such witnesses would refuse to testify, the Court cannot determine that this consideration weighs in favor of transfer of venue.").

---

[2] WDC also argues that "Plaintiff also cannot credibly claim the Northern District of California is an inconvenient forum when his counsel affirmatively sued WDC in California in *Malone*." Mtn. at 8 n.6. "However, convenience of counsel is not an appropriate factor that courts may consider in assessing a motion to transfer." *United States ex rel. Fisher v. Bank of America, N.A.*, 204 F. Supp. 3d 618, 627 (S.D.N.Y. 2016) (internal quotations omitted).

Here, WDC has provided no such list.  Further, given the coronavirus pandemic, depositions are currently occurring remotely, which diminishes the necessity of witnesses to travel from place to place.  As such, this factor weighs against transfer.

> 3.  *The Location Of Relevant Documents And The Relative Access To Sources Of Proof*

WDC claims the weight of evidence is in California, which allegedly supports transfer. Mtn. at 9-10.  But in today's hyperconnected world, the location of relevant evidence as a factor has been rendered largely moot.  *Lapushner v. Admedus Ltd.*, 2020 WL 777332, at *4 (S.D.N.Y. Feb. 14, 2020) ("In today's modern world of electronic documents, the location of relevant documents is a largely neutral factor.").  Nobody knows this better than Defendant, a data technology giant.  Indeed, Defendant's Motion showcases that it can *easily* get whatever information from California or other states that it requires.  Hodas Decl. Ex. C (SEC records). And Defendant is represented by the same counsel in both here and in the *Malone* action. Further, given the coronavirus pandemic, everything from depositions to court hearings are generally and increasingly occurring remotely.  Thus, this factor is largely irrelevant.

> 4.  *The Locus Of Operative Facts*

To determine the locus of operative facts, courts look to "the site of the events from which the claim arises."  *800-Flowers, Inc, v. Intercontinental Florist, Inc.*, 860 F. Supp. 128, 134-35 (S.D.N.Y. 1994) (finding this factor supported transfer where false statements occurred in Florida).  Here, Plaintiff was injured in this District:  Plaintiff purchased his WD Black hard drives in this District, was subject to Defendant's material omissions in this District, and therefore paid a price premium for an inferior product in this District.  Compl. ¶ 29.  This factor therefore weighs against transfer.

5.  *The Availability Of Process To Compel The Attendance Of Unwilling
Witnesses*

Defendant argues that the Northern District of California "is in a far better position to be

able to compel attendance by [third-party] witnesses than is this Court."  Mtn. at 10-11.  But

Defendant offers no evidence of unwilling witnesses that would require service of process to

testify.  *Flood*, 94 F. Supp. 3d at 580 (holding this factor neutral where defendant did not provide

evidence of any specific witness who might refuse to testify); *NBA Properties, Inc. v. Salvino,

Inc.*, 2000 WL 323257, at *8 (S.D.N.Y. Mar. 27, 2000) (denying transfer where "defendant fails

to provide any affidavits from its witnesses stating that the witnesses will not voluntarily appear

absent transfer").  This factor therefore does not support transfer.

6.  *The Relative Means Of The Parties*

"Where a disparity exists between the means of the parties, such as in the case of an

individual suing a large corporation, the court may consider the relative means of the parties in

determining where a case should proceed."  *EasyWeb Innovations, LLC*, 888 F. Supp. 2d at 354-

55.  Such disparity exists here.  On one hand, WDC is a multi-billion-dollar corporation with

substantial means at its disposal.  *WDC Income Statement,* YAHOO! FINANCE,

https://finance.yahoo.com/quote/WDC/financials?p=WDC.  On the other hand, Plaintiff is an

individual citizen with comparatively limited means.  Thus, this factor does not favor transfer.

7.  *The Interests Of Trial Efficacy And Justice*

WDC's primary argument is that court congestion is largely the same in both courts, and

so this factor is neutral.  Mtn. at 11-12.  Not so.  Defendant's own documentation shows that the

median filing-to-disposition time for civil cases in this District is four months quicker (6.4

months) than in the Northern District of California (10.1 months).  Hodas Decl. Ex. D, at 3-4.

And while the median filing-to-trial time for civil cases in this District is two months slower

10

(31.3 months) than in the Northern District of California (29.3 months), this District would still have a net two-month advantage.  Keeping the case in this District will therefore ensure the "just, speedy, and inexpensive determination" of the action."  FED. R. CIV. P. 1.

Defendant also argues it is "unfair and inefficient to force WDC to defend the same claims, filed by the same attorneys on behalf of the same putative nationwide class, and involving the same alleged defect, in two different forums."  But as demonstrated above, these cases do not have the same claims, the same putative classes, or even the same defect. *See* Introduction and Statement of Facts, *supra*.  And there is nothing unfair about requiring WDC to defend two different lawsuits in two different forums.  This fact therefore weighs against transfer.

## V.   **CONCLUSION**

For the foregoing reasons, Defendant's Motion should be denied.

Dated:  October 27, 2020                                   Respectfully submitted,

**BURSOR & FISHER, P.A**.

By:   */s/ Yitzchak Kopel*
          Yitzchak Kopel

Yitzchak Kopel
Alec M. Leslie
Max S. Roberts
888 Seventh Avenue, Third Floor
New York, New York 10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
Email:  ykopel@bursor.com
          aleslie@bursor.com
          mroberts@bursor.com

*Attorneys for Plaintiff*