UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OSCAR BROWN, individually and on behalf of all others similarly situated,

                      Plaintiff,

-against-

WESTERN DIGITAL CORPORATION,

                      Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _11/9/2020____

20 Civ. 4624 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      This is a consumer class action brought on behalf of a putative class of purchasers of hard drives from Defendant, Western Digital Corporation ("Western Digital"). Compl. ¶ 34, ECF No. 1. The class claims that Western Digital violated state consumer protection laws by engaging in unfair or deceptive practices, making false or misleading statements, and fraudulently concealing material facts about its products. *Id*. ¶¶ 42–74.

      On October 10, 2020, Western Digital filed a motion to transfer venue to the United States District Court for the Northern District of California. ECF Nos. 32, 34. Both parties acknowledge that this case is related to a case currently pending before the Honorable Nathanael M. Cousins in the Northern District of California: *Malone v. Western Digital Corporation*, No. 20 Civ. 3584. ECF No. 34 at 6; ECF No. 37 at 5. Further, Plaintiff's attorneys in this action also represent the plaintiffs in *Malone*. ECF No. 34 at 1. Nonetheless, Plaintiff opposes transfer and argues that the Court should honor his choice of forum. ECF No. 37 at 11–12. For the reasons stated below, Western Digital's motion to transfer is GRANTED.

      A court performs a two-part inquiry when determining if transfer is appropriate. First, the court determines if the action is one that "might have been brought in the transferee court." *See In re Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d 392, 394 (S.D.N.Y. 2006) (internal quotation marks and citation omitted). Then, the court evaluates whether transfer is appropriate based on the "convenience of parties and witnesses," and "the interest of justice." 28 U.S.C. § 1404(a); *see also N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting out factors for § 1404(a) analysis). "In deciding a motion to transfer, courts commonly consider factors such as: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, (7) the relative means of the parties, (8) the forum's familiarity with the governing law, and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *City of Sterling Heights Police & Fire Ret. Sys. v. Kohl's Corp.*, No. 13 Civ. 5158, 2013 WL 5656086, at *1 (S.D.N.Y. Oct. 9, 2013).

      Here, the prerequisites for transfer to the Northern District of California are satisfied. This action could have been filed in that court. It is undisputed that, at the time of filing, the Northern District of California would have had personal and subject matter jurisdiction over

Western Digital, and venue would have been proper in that court.  ECF No. 34 at 10; *see* ECF No. 24.

Transfer is also appropriate based on the convenience of witnesses, the location of relevant documents, the locus of operative facts, and judicial economy.  *See N.Y. Marine*, 599 F.3d at 112.  Western Digital is based in California, a significant portion of its products are designed in California, and its marketing efforts are based in California.  ECF No. 33-3 at 4.  Because of this, most of its witnesses and relevant documents are in California.  ECF No. 34 at 13–14.  Moreover, the locus of operative facts in this case is California because the alleged omissions were conceived, created, and disseminated there by Western Digital.  *See, e.g.*, *Adair v. Microfield Graphics, Inc.*, No. 00 Civ. 0629, 2000 WL 1716340, at *2 (S.D.N.Y. Nov. 16, 2000) (holding that the locus of operative facts was where the defendants prepared and issued "allegedly misleading press releases and financial statements").  Finally, transfer is appropriate because of the related case pending in the Northern District of California.  *Williams v. City of New York*, No. 03 Civ. 5342, 2006 WL 399456, at *3 (S.D.N.Y. Feb. 21, 2006) ("[C]ourts consistently recognize that the existence of a related action in the transferee district is a strong factor to be weighed with regard to judicial economy, and may be determinative.").

Accordingly, Western Digital's motion to transfer is GRANTED in the interests of justice.  The Clerk of Court is directed to transfer this case to the United States District Court for the Northern District of California, terminate the motion at ECF No. 32, and close the case.

SO ORDERED.

Dated: November 9, 2020
       New York, New York

_____
ANALISA TORRES
United States District Judge